On these facts a rule was taken to show cause why an *exoneretur* should not be entered.

*Per Curiam.* It appears that the defendant made a *bona fide* attempt to surrender the principal before the *capias* was returnable, and was frustrated. The principal was afterwards imprisoned for life, and even if the surrender had been effected, it could not have benefited the plaintiff.

Let the defendant take the effect of his motion on payment of costs.

### M'Nealy ads. Morrison.

SLEIGHT, the plaintiff's attorney, received a notice of retainer from *Smith*, in *July* ; in *September* following he received a like notice from *Bowman*, and twice seemed to recognize *him* as the attorney in the suit, though he never served him with any declaration, but served it on *Smith*, and entered a default for want of a plea, which *Bowman* now moved to set aside on the above statement of facts.

*Per Curiam.* It was certainly incumbent on *Sleight* to have told *Bowman*, when he received his *(Bowman's)* notice of retainer, that he had received a similar notice from *Smith*.

Let the default be set aside ; the costs to abide the event of the suit.

*Holcomb and another, Defendants in Error, ads. Hamilton.*

AFTER imparlance, but before judgment, *I. S.* one of the defendants died ; judgment was then entered against *both* and execution issued against the *survivor*, without any suggestion on the record of the death of the other defendant ; and on error *coram vobis*, a rule had been taken to show cause why the record should not be amended by suggesting the death of *I. S.*

*Whiting* showed for cause, that the application was too late, the proceedings having ceased to be on paper ; 2 *Viner's Abridg. title Amendment, letter H. pl.* 17. *Idem, page* 313. *letter G. pl.* 2.

*Woods*, in support of the rule, read the act of this state, which authorises the suggestion of the death of one defendant when the cause of action survives, and in answer to the objection in point of time, he cited 5 *Durn. & East,* 577.

*Per Curiam.* The case cited from *Durnford & East* is in point. Courts have of late, so long as the record is before them, adopted the practice of granting all amendments to which the party would have been entitled as *of course*, provided that it be of no prejudice to the other party.